UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | CV 25-11666-E | Date | January 22, 2026 |
|---|---|---|---|

| Title | TIFFANY E. TOWNS v. CAPITAL ONE, NA |
|---|---|

Present: The Honorable   Charles F. Eick, United States Magistrate Judge

| Bea Martinez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

**Attorneys Present for Plaintiffs:**
None

**Attorneys Present for Defendants:**
None

**Proceedings:**          **(IN CHAMBERS)**

On October 29, 2025, Plaintiff, pro se, filed a small claims court complaint form in the California Superior Court for the County of Los Angeles. On the form, Plaintiff stated "Defendant reported Plaintiff's account as over the credit limit several times when it was not, lowering her credit score." In answer to the question on the form, "How did you calculate the money owed to you?," Plaintiff responded "Damages, defamation."

On December 8, 2025, Defendant removed the action to this Court, contending that Plaintiff is making a claim under the federal Fair Credit Reporting Act ("FCRA"). By Minute Order, filed December 16, 2025, the Court ordered, inter alia, that, within thirty (30) days of December 16, 2025, "Defendant shall show cause, if there by any, why the action should not be remanded to California Superior Court for lack of federal subject matter jurisdiction." Defendant failed to file any timely response to the December 16, 2025 Minute Order.

In a similar case, another judge of this Court recently and aptly stated:

The "[w]ell-pleaded complaint" rule requires a federal question to be present on the face of the complaint at the time of removal for federal jurisdiction to exist. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). "In addition, the plaintiff is the 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal." Id. (citations omitted). Here, Plaintiff's Complaint makes no reference to the FCRA. The scant allegations in the Complaint can also be construed to raise any number of state-based causes of action, including a

---

CV-90 (06/04)                    Civil Minutes – General

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 25-11666-E | Date | January 22, 2026 |
|---|---|---|---|

| Title | TIFFANY E. TOWNS v. CAPITAL ONE, NA |
|---|---|

violation of California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a), and libel.  Defendant has not shown a sufficient basis for its claim that Plaintiff's small claims action seeking $10,000.00 in damages in fact arises under the FCRA.

Ankilewitz v. Nelnet Servicing, LLC, 2025 WL 3514538, at *2 (C.D. Cal. Dec. 8, 2025) (footnote omitted) ("Ankilewitz").

The present case is legally indistinguishable from Ankilewitz.  Because Defendant has failed to show a basis for federal subject matter jurisdiction, this matter is remanded to the California Superior Court for the County of Los Angeles, No. 25STSC04681.  The Clerk immediately shall effect the remand and close this case.[1]

cc:     Plaintiff
        All Counsel of Record

Initials of Deputy Clerk  bm

---

[1]     Defendant's motion to dismiss (Doc. 7) is deemed moot.

CV-90 (06/04)                    Civil Minutes – General                    Page **2** of **2**